CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 3 1 2020

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY CONTE AND WARREN BALOGH,

Plaintiffs,

v.

Case No. 3:19-cv-00575-MHL

COMMONWEALTH OF VIRGINIA AND
TERENCE R. MCAULIFFE AND VIRGINIA
STATE POLICE AND STEVEN FLAHERTY
AND BRIAN JOSEPH MORAN AND BECKY
CRANNIS-CURL AND CITY OF
CHARLOTTESVILLE AND MICHAEL
SIGNER AND WES BELLAMY AND
CHARLOTTESVILLE POLICE DEPARTMENT
AND AL THOMAS, JR.,

Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR AMENDMENT OF PROPOSED PRETRIAL ORDER

COME NOW Plaintiffs BALOGH and CONTE and respectfully submit this memorandum in opposition to the Commonwealth Defendants' for amendment of proposed pretrial order. Defendants seek to stay all discovery in this matter until after their motions to dismiss have been ruled on. The underlying principle governing the issue before the Court on Defendants' motion is that stays of the normal proceedings of a court case should be the exception, not the rule. *See Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988) ("A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery. . . . Motions for a protective order which seek to prohibit or delay discovery are not favored.") "The mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). Courts have considered the following factors in considering whether a stay is warranted: "1) whether the defendant has

made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Id.*

The Defendants here have not made such a showing. Plaintiffs' claims are meritorious for the reasons described in Plaintiffs' briefs in opposition to Defendants' motions to dismiss, which are incorporated by reference here. Defendants have made no showing as to the breadth or burden of the proposed discovery - Plaintiffs have not yet served discovery requests, so Defendants have no basis to assert that any such requests will be overbroad or burdensome. Indeed, it is hard to imagine how the Commonwealth Defendants, with the resources available to them, could be overburdened by responding to discovery from two plaintiffs proceeding *pro se*. And a stay of discovery could unfairly prejudice Plaintiffs by delaying their ability to develop evidence for their case and risking the loss of such evidence, much of which is in the exclusive possession of Defendants as it relates to their intentional and coordinated deprivation of Plaintiffs' rights to free expression and assembly. The Supreme Court has held that in cases where evidence of coordination is likely to be in the possession of the defendant, it is especially important that "the plaintiff has had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Here, Plaintiffs' claims also relate to matters of widespread public concern. The public has an interest in resolution of the issue of what recourse citizens have to governmental aid and protection when hostile third parties use violence and intimidation to deny lawful participants the exercise of their rights. Moreover, Plaintiffs intend to seek relevant discovery from individual Defendants even if some of them are dismissed as named defendants. For these reasons, Plaintiffs respectfully request the Court to DENY the Defendants' motion for amendment of proposed pretrial order.

Respectfully Submitted,

_____
Gregory Conte

_____
Warren Balogh

CERTIFICATE

I hereby certify that on the 30th day of July, 2020, I sent the foregoing to the Clerk of the Court by first class mail, which will send notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the document to the following:

Erin R. McNeill, Esq.
Robert B. McEntee, Jr., Esq.
Madeline M. Gibson, Esq.
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
804-646-3500 - Phone
804-371-2087 - Fax
EMcneill@oag.state.va.us
mgibson@oag.state.va.us
RMcEnteeJr@oag.state.va.us

Richard H. Milnor, Esq. VSB No. 14177
Zunka, Milnor & Carter, Ltd.
P.O. Box 1567
Charlottesville, VA 22902
434-977-0191 x34 - Phone
434-977-0198 - Fax
RMilnor@zmc-law.com

Rosalie Pemberton Fessier, Esq.
TimberlakeSmith
25 North Central Avenue
PO Box 108
Staunton, VA 24401
540-885-1517 - Phone
540-885-4537 - Fax
rfessier@timberlakesmith.com

David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255

804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

Dated July 30, 2020.

Respectfully Submitted,

_____
Gregory Conte

_____
Warren Balogh