IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| Gregory Conte, et al., ) | | |
|     Plaintiffs, ) | Civil Action No. 3:20-cv-00038 | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| Commonwealth of Virginia, et al., ) | By: | Joel C. Hoppe |
|     Defendants. ) | | United States Magistrate Judge |

This matter is before the Court on Defendants' Joint Motion for Amendment of Proposed Pretrial Order. ECF No. 52. Defendants ask that the deadlines in the Pretrial Order, ECF No. 51, for the Rule 26(a) initial disclosures and the Rule 26(f) conference as well as other discovery-related deadlines be extended until after the Court rules on the pending motions to dismiss. Plaintiffs opposed the motion. ECF No. 53.

A pretrial order may be amended upon a showing of good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Defendants propose amendments to the Pretrial Order, such as extending the deadlines for Rule 26(a) initial disclosures and the Rule 26(f) conference, that would have the effect of staying discovery until the Court resolves the motions to dismiss. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred" and planned for discovery as required under Rule 26(f) of the Federal Rules of Civil Procedure."). A court may stay discovery pending resolution of motions that would dispose of an entire case on legal grounds. *See Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, at *2 (N.D. W.Va. Apr. 4, 2012) (granting motion to stay where motion to dismiss asserted sovereign immunity and lack of subject matter jurisdiction); *Cleveland Constr., Inc. v. Schenkel & Schultz Architects, P.A.*, No. 3:08CV407, 2009 WL 903564, at *2–3 (W.D.N.C. Mar.

31, 2009) (granting stay of discovery where pending motion to dismiss asserted legal issue of res judicata/collateral estoppel).

      The parties have not held a Rule 26(f) conference in this case, and there is no need for them to do so or to engage in potentially costly discovery until the Court decides the motions to dismiss. *Cf. Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (explaining that district courts enjoy "wide latitude" to manage their civil caseloads, including the time and manner for conducting discovery). If those motions are denied, then discovery may proceed in accordance with the Federal Rules of Procedure. If it is granted, however, then the case will be closed and "entirely eliminate the need for such discovery." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Considering the facts and circumstances in this case, the Court finds that Defendants have shown good cause to modify the Pretrial Order and stay all discovery in this case.

      Accordingly, it hereby **ORDERED** that Defendants' motion, ECF No. 52, is **GRANTED**, the Pretrial Order is **MODIFIED**, and all discovery in this action is **STAYED** until further order of the Court.

      It is so ORDERED.

      ENTER: September 29, 2020

Joel C. Hoppe
U.S. Magistrate Judge