CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 0 8 2021

JULIA C. DUDLEY CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

GREGORY CONTE AND WARREN
BALOGH,

Plaintiffs,

v.                                                    Civil Action No. 3:20-cv-00038

COMMONWEALTH OF VIRGINIA AND
TERENCE R. MCAULIFFE AND VIRGINIA
STATE POLICE AND STEVEN FLAHERTY
AND BRIAN JOSEPH MORAN AND BECKY
CRANNIS-CURL AND CITY OF
CHARLOTTESVILLE AND MICHAEL
SIGNER AND WES BELLAMY AND
CHARLOTTESVILLE POLICE
DEPARTMENT AND AL THOMAS, JR.,

Defendants.

### PLAINTIFFS' MOTION FOR THE RECUSAL OF JUDGE NORMAN MOON.

COME NOW plaintiffs Conte and Balogh and move that Judge Norman Moon recuse himself

from this action. Judge Moon has, in other cases related to Unite the Right, exhibited clear and consistent

prejudice against litigants and defendants who have come before This Court.  Under such circumstances,

plaintiffs cannot reasonably expect to receive a fair adjudication of their claim.

In Kessler v. City of Charlottesville, Judge Moon failed to recuse himself, despite the fact that

two of his clerks Joshua Lefebvre and Hutton Marshall were close friends of the plaintiffs, and Lefebvre

have been a material witness to facts alleged  (see Case 3:19-cv-00044-NKM-JCH, Document 55 "Motion

for Recusal"). It was only after plaintiff Kessler published information about Marshall's and LeFebvre's

potential conflicts that Judge Moon issued an order, removing the two compromised clerks from the case.

However, he did not recuse himself from that case, nor did he reveal, or endeavor to discover, their

obvious and dangerous conflict of interest *until* plaintiff Kessler brought it to the attention of the public--

and the court. Judge Moon's failure to recuse himself in that case was a clear violation of federal regulations, and judicial precedent.[1]

Plaintiffs have already raised this issue in our response to the Defendants' motions to dismiss regarding the proper venue for this case (cf. Document 35, "PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(3) MOTIONS TO DISMISS OR TRANSFER VENUE"). Despite our objections, we have received no explanation for the decision to assign our case to Judge Moon's docket.

Public confidence in the integrity and impartiality of the judiciary involving a civil rights case with profound implications relating to the future duties and responsibilities of government officials in upholding the rights of political dissidents, demands the impartiality of an independent and honorable judiciary. The prohibition against behaving with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge and his assistants. The conduct of Judge Moon's court has created, in reasonable minds, a perception that the judge's ability to carry out judicial responsibilities with integrity and impartiality in this case is impaired. Behaving with impropriety or the appearance of impropriety in the professional and personal conduct of a judge and/or his assistants is prohibited. We therefore request that the Court decide the present motion prior to making any other decisions in this case and respectfully request that Judge Moon recuse himself or that our case be assigned to a different judge.

---

[1] See 28 U.S.C. § 455(a). **the judge of this Court should also be disqualified because he has at least a professional, and likely personal, relationship with political officials and social networks that could be substantially affected by the outcome of this case.** See id. at § 455(b)(4). Pursuant to 28 U.S.C. § 455(a), any judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455(a) is not subjective; it requires the Court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted). Thus, under § 455(a), "what matters is not the reality of bias or prejudice but its appearance," and "quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" Liteky v. United States, 510 U.S. 540, 548 (1994) (citation omitted). Close questions as to the appearance of impropriety are to be decided in favor of recusal. See United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Dated: January 7, 2021

Respectfully Submitted,


GREGORY CONTE, *pro se*
P.O. Box 3874
Gaithersburg, MD 20885


WARREN BALOGH, *pro se*
P.O. Box 6037
Pittsburgh, PA 15211

CERTIFICATE

I hereby certify that on the 7th of January 2021, I sent the foregoing to the Clerk of the Court by first class mail.


I hereby certify that I have mailed by United States Postal Service the document to the following:

Erin R. McNeill, Esq. (VSB No. 78816)
Robert B. McEntee, III, Esq. (VSB No. 89390)
Madeline M. Gibson, Esq. (VSB No. 87561)
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA 23219

Richard H. Milnor, Esq. (VSB No. 14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
Charlottesville, VA 22902

Rosalie Pemberton Fessier (VSB #39030)
Brittany E. Shipley (VSB #93767)
TimberlakeSmith
25 North Central Avenue
PO Box 108
Staunton, VA 24402-0108

David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255

,

Dated January 7, 2021.

Respectfully Submitted,

Gregory Conte

Warren Balogh